# In the United States Court of Federal Claims

No. 20-1245C
(Filed: August 5, 2022)
**FOR PUBLICATION**

```
****************************************
LAURA MEDRANO, et al.,                  *
                                        *
                 Plaintiffs,            *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                 Defendant.             *
                                        *
****************************************
```

  *Don J. Foty*, Hodges & Foty, LLP, Houston, TX, for Plaintiffs. With him on briefs were *David W. Hodges*, Hodges & Foty LLP, Houston, TX, and *Anthony J. Lazzaro*, The Lazzaro Law Firm, LLC, Moreland Hills, OH.

  *David M. Kerr*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant, United States. With him on briefs were *Brian M. Boynton*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Martin F. Hockey, Jr.*, Acting Director, *Reginald T. Blades, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., as well as *John T. LeMaster*, Senior Counsel, Staff Training Academy, Glynco, GA.

## SUPPLEMENTAL OPINION AND ORDER

  In a previous decision addressing the government's motion to dismiss this case, I held that Plaintiffs — current and former employees of the Federal Bureau of Prisons at various federal correctional facilities throughout the United States — had stated well-pleaded claims that at least some of their pre-shift and post-shift activities are work for which they should be compensated under the Fair Labor Standards Act. *Medrano v. United States*, 159 Fed. Cl. 537, 540 (2022). The relevant facts are set forth in that opinion. *Id.* at 540–41.

  Plaintiffs also pleaded a claim for "nightwork" premium pay under the Federal Employee Pay Act ("FEPA"). Pls.' First Am. Compl. (ECF 10) ("Am. Compl.") ¶¶ 100–05; 128–33. Based on the parties' representation in a status report that "there are no legal or factual questions" in this case that distinguish it from my earlier opinion in *Alkire v. United States*, 158 Fed. Cl. 380 (2022) — where the plaintiffs did not seek

FEPA premium pay — I requested that the parties clarify whether Plaintiffs' FEPA claim remained pending. *Medrano*, 159 Fed. Cl. at 540 n.2. The parties responded that the claim was still live and asked the Court to resolve Defendant's motion to dismiss it. *See* Joint Status Report (ECF 34).[1]

I conclude that Plaintiffs' Amended Complaint sets forth well-pleaded facts sufficient to state a FEPA claim upon which relief can be granted. *See* RCFC 12(b)(6). Therefore, as to Plaintiffs' FEPA claim, the motion to dismiss is **DENIED**.

## DISCUSSION

FEPA entitles federal employees to premium compensation for "nightwork." 5 U.S.C. § 5545(a). "Nightwork" is "regularly scheduled work between the hours of 6:00 p.m. and 6:00 a.m." *Id.*; *see also* 5 C.F.R. § 550.121(a). The question is whether Plaintiffs have stated a claim that their pre- and post-shift activities meet that definition.

Plaintiffs have pleaded that some of their pre- and post-shift activities are work, and that those activities sometimes occur between the hours of 6:00 p.m. and 6:00 a.m. Am. Compl. ¶¶ 101–02. The issue thus becomes whether Plaintiffs have pleaded that their pre- and post-shift activity is "*regularly scheduled* work." 5 U.S.C. § 5545(a) (emphasis added); 5 C.F.R. § 550.121(a).

"Regularly scheduled work" is "work that is scheduled in advance of an administrative workweek under an agency's procedures for establishing workweeks[.]" 5 C.F.R. § 550.103. It is undisputed that Defendant has not scheduled Plaintiffs for their pre- and post-shift time. If that were the end of the analysis, Plaintiffs' FEPA nightwork claim would have to be dismissed.

But can work time be "regularly scheduled" when it is *not* scheduled in advance under agency procedures? In *Aviles v. United States*, the Court of Claims held that even if time was not "regularly scheduled" in a formal sense, it could be *de facto* regularly scheduled. 151 Ct. Cl. 1, 7–9 (1960).[2] Subsequently, the Court of Claims (and later the Federal Circuit) explained its holding in *Aviles*:

---

[1] Def.'s Mot. to Dismiss (ECF 15) ("Def.'s Mot."); Pls.' Resp. to Def.'s Mot. to Dismiss & in the Alternative, Mot. for Leave to Am. Compl. (ECF 21) ("Pls.' Resp."); Def.'s Reply in Supp. of its Mot. to Dismiss (ECF 23) ("Def.'s Reply").

[2] *Aviles* applied earlier versions of FEPA that — like the current version — authorized premium pay for "regularly scheduled work" (or a "regularly scheduled tour of duty") "between the hours of six o'clock postmeridian and six o'clock antemeridian." 151 Ct. Cl. at 6. It also applied Department of Agriculture regulations defining "[r]egularly scheduled administrative workweek or regularly scheduled tour of duty for full-time employees [as] the period within an administrative workweek when such employees are required to be on duty regularly," and providing that other regulations "prescribe the method of

> Our decision rested on the fact that plaintiff was called upon regularly to perform night work and that, by virtue of its habitual and recurrent nature, such work could have and indeed should have been formally scheduled. Recovery was granted because the defined workweek failed to acknowledge the actual, controllable workweek.

*Burich v. United States*, 177 Ct. Cl. 139, 147 (1966); *see also Anderson v. United States*, 201 Ct. Cl. 660, 665–66 (1973) (same); *Slugocki v. United States*, 816 F.2d 1572, 1577 (Fed. Cir. 1987) (similar).[3] This Court is therefore bound to treat work as "regularly scheduled" — and therefore eligible for premium pay — when on the facts it *should* have been regularly scheduled, even if the government failed to do so.

Even aside from *Aviles* and its progeny, the Office of Personnel Management ("OPM") directs the heads of agencies to "schedule an employee's regularly scheduled administrative workweek so that it corresponds with the employee's actual work requirements." 5 C.F.R. § 610.121(b)(1). OPM regulations provide that "[i]f it is determined that the head of an agency should have scheduled a period of work as part of the employee's regularly scheduled administrative workweek and failed to do so …, the employee shall be entitled to the payment of premium pay for that period of work as regularly scheduled work[.]" 5 C.F.R. § 610.121(b)(3) (cross-referencing regulations for premium pay, including night work). Those regulations — which Defendant does not cite — in effect codify *Aviles*. *See Aldrich*, 31 Fed. Cl. at 558. Although Defendant points to regulations establishing the procedures for establishing workweeks, *see* Def.'s Mot. at 8 (citing 5 C.F.R. §§ 550.103, 610.111(a)), Section 610.121(b) comes into play when the government fails to follow those procedures, establishing that employees should be paid as if the government had scheduled their workweeks correctly.

Under *Aviles* and 5 C.F.R. § 610.121(b)(3), Plaintiffs can thus claim that their pre- and post-shift activities between 6 p.m. and 6 a.m. — if those activities were in fact work — should have been included in their regularly scheduled workweeks and that they are therefore entitled to nightwork premium pay. Contrary to Defendant's

---

establishing such periods for full-time employees." *Id.* at 7. Those provisions appear closely analogous to the texts applicable here.

[3] Defendant distinguishes *Aviles* on the ground that this case involves "preparatory" activities, not a "principal activity" performed on duty. Def.'s Reply at 3. That begs the basic question of the case, namely, whether Plaintiffs' pre- and post-shift activities are part of their principal activities or not. *See Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 33 (2014). Defendant also objects that *Aviles* applied equitable principles in a way that contradicts Congress's direction for payment of public funds. Def.'s Mot. at 9. Be that as it may, *Aviles* has not been overruled and continues to bind this Court. *See Aldrich v. United States*, 31 Fed. Cl. 554, 558 (1994), *aff'd*, 56 F.3d 83 (Fed. Cir. 1995); *Buchan v. United States*, 31 Fed. Cl. 496, 499 (1994).

- 4 -

argument, *see* Def.'s Mot. at 9–10; Def.'s Reply at 2–3, Plaintiffs' pleadings adequately set out that claim because they allege that certain pre- and post-shift activities are sufficiently "habitual and recurrent" that they "should have been formally scheduled" as part of Plaintiffs' "actual, controllable workweek." *Burich*, 177 Ct. Cl. at 147; *see* Am. Compl. ¶¶ 100–05. Whether Plaintiffs' time is in fact compensable work, and whether Defendant should have scheduled that time as part of Plaintiffs' regularly scheduled workweeks, are thus issues for resolution on the facts.

## CONCLUSION

Defendant's Motion to Dismiss is **DENIED** as to Plaintiffs' FEPA claim.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge